FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO RANGEL GONZALEZ, | No. 09-17066 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-01954-LKK-GGH |
| v. | |
| DAVID L. RUNNELS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted August 30, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN, and RAWLINSON, Circuit Judges.

Petitioner Alejandro Gonzalez (Gonzalez) appeals the district court's denial of his petition for a writ of habeas corpus. Gonzalez contends that his due process rights were violated when the trial court declined to instruct the jury on the lesser related offense of grossly negligent discharge of a firearm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

"Because [Gonzalez] filed his habeas petition after April 24, 1996, his appeal is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA)." *Byrd v. Lewis*, 566 F.3d 855, 859 (9th Cir. 2009), *cert. denied*, 130 S.Ct. 2103 (2010) (citation omitted). "Under AEDPA, [Gonzalez's] petition can be granted only if the state court determination resolving his claims was contrary to, or involved an unreasonable application of, clearly established Federal law or was based on an unreasonable determination of the facts." *Id.* (citation, alterations, and internal quotation marks omitted). "A state court's decision is contrary to clearly established federal law if it (1) applies a rule that contradicts the governing law set forth in Supreme Court cases, or (2) confronts a set of facts materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result." *Id.* (citation omitted). "A state court's decision is an unreasonable application of clearly established federal law if the state court identifies the correct governing legal principles from Supreme Court decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (citation omitted).

In denying Gonzalez's due process claim, the California Court of Appeal referred to the United States Supreme Court's decision in *Hopkins v. Reeves*, 524 U.S. 88, 96-97 (1998), which held that "[a]lmost all States . . . provide instructions

only on those offenses that have been deemed to constitute lesser included offenses of the charged crime. [This Court] ha[s] never suggested that the Constitution requires anything more." (citation and footnote reference omitted). We agree that Gonzalez's due process claim is foreclosed by *Hopkins*, as identified by the California Court of Appeal. In this case, the state was not required to provide instructions on lesser related offenses. Nevertheless, Gonzalez was free to, and actually did, argue to the jury that he lacked sufficient intent to commit the charged crimes of attempted murder and shooting at an occupied vehicle, and that his crime was more analogous to grossly negligent discharge of a firearm.

Accordingly, we conclude that the state court's resolution of Gonzalez's due process claim was not an unreasonable application of clearly established federal law.

**AFFIRMED**.